**STATE ex BAIRD v SCHROY, Mayor, et**

Ohio Appeals, 9th Dist Summit Co

No. 3055.   Decided June 1, 1938

Burch & Baird, Akron, and W. E. Pardee, Akron, for plaintiff.

Wade DeWoody, Dir of Law, Akron, and Harold L. Mull, Asst. Dir. of Law, Akron, for defendants.

### OPINION

By STEVENS, PJ.

This is an original action in mandamus, instituted in this court for the purpose of requiring the defendants to reinstate the relator to the position heretofore occupied by him in the service of the city of Akron, Ohio; that position was as clerk in the bureau of water supply.

From the testimony of relator and from stipulations made, it appears that the mayor of the city of Akron told the relator to report to a certain official, who would tell him what to do; that he followed instructions and thereafter performed clerical work in the bureau of water supply; that thereafter a clerkship in said bureau was created by ordinance; and that the relator continued in the performance of his clerical work, and was regularly paid therefor, until March 1, 1938, when he was summarily discharged by the acting superintendent of the bureau of said department, acting upon the orders of the director of public service.

During the time of relator's employment, the civil service commissioners of the city certified in writing upon the payroll sheets that relator's employment was "in accordance with the civil service laws of Ohio."

Neither at the time relator began work, nor at any time while he was employed by the city, were there in force any rules of the civil service commission concerning an examination for said clerkship; no examinations were held for said position, and there was no eligible list from which the appointing power could make a selection.

For the purpose of this opinion we are assuming that the relator was holding his position by virtue of a temporary appointment without examination, which gave him a status as an employe under the classified service provided by the charter, and that, under the civil service provisions of the charter as they were before their recent amendment by the citizens of Akron, he was protected from summary discharge.

Relator was discharged without charges having been filed against him, which we are assuming could not properly be done under the provisions of the charter before such amendments; but he was not appointed from an eligible list, and he had not been in service for the three years next preceding the effective date of such amendments, and he was discharged after said amendments became effective.

On November 2, 1937, the people of the city of Akron, at an election regularly held for that purpose, voted to repeal substantially all of the civil service provisions theretofore contained in the charter of the city of Akron, and to adopt new provisions for the charter of the city of Akron dealing with the subject of civil service, which amendments became effective on the day of said election.

After said amendments were made, was relator's status such as to protect him from summary discharge?

Under the provisions of Sec. 109 of the newly adopted charter sections dealing with civil service, the following appears:

"All persons holding positions in the service of the city pursuant to appointment from eligible lists at the time these amendments take effect, or who have been continuously in the service of the city in the same position for the three years next preceding the effective date of these amendments shall retain their positions until discharged, reduced, promoted or transferred in accordance with the provisions hereof. * * *"

inasmuch as Akron is a charter city, operating under the constitutional Home Rule amendment, the charter of the city is in effect a constitution for the city, subject to be amended or repealed by the people themselves, in whom is vested the sovereign power of the municipality. When, by their vote, the people of the municipality elected to repeal the previously enacted charter provisions with reference to civil service, and to substitute therefor other provisions in the charter, it must be conceded that in the exercise of their sovereign power the people had the right to preserve and continue the civil service status of such persons or classes of persons as they might, in the exercise of their wisdom, deem proper; and likewise to withhold such protection from such persons or classes of persons as they might deem proper.

By the terms of the amendment, the people decided that all persons holding positions in the service of the city pursuant to appointment from eligible lists, or who had been continuously in the service of the city in the same position for three years next preceding the effective date of the amendment, should retain their status as civil service employes until discharged, reduced, promoted or transferred, in accordance with the provisions of the amendments to the charter.

It must be understood that where the provisions of an amendment to the charter are clear, understandable, and free from ambiguity, such provisions must be read in the light of the ordinary meaning attached to the terms used. It appears to us that there is no ambiguity in the charter amendment dealing with those persons who should retain their status as civil service employes; that the provision with reference to those persons who should continue under the protection of civil service is perfectly clear, and that relator does not fall within either of the two classes mentioned in said charter provision.

It therefore follows that relator is not entitled to the protective cloak of the civil service; that he was subject to be summarily discharged by duly constituted authorities; and that the plaintiff's application for a writ of mandamus requiring the relator's reinstatement to the position from which he was discharged must be denied.

Writ denied.

WASHBURN, J, & DOYLE, J, concur.